## AUGUSTUS CHACE *vs.* WILLIAM B. TRAFFORD.

Bristol.    Oct. 28, 1874. — Jan. 11, 1875.    COLT & AMES, JJ., absent.

Under the Gen. Sts. *c.* 155, § 13, an account stated, which is not supported by evidence of some writing signed by the party to be charged, will not prevent the running of the statute of limitations against the previously existing liabilities included therein.

CONTRACT on an account stated.    Writ dated September 30, 1873.    The answer was a general denial and the statute of limitations.    Trial in the Superior Court, before *Rockwell*, J., who, before verdict, at the request of the parties, withdrew the case from the jury and reported it for the determination of this court, in substance as follows :

It appeared that the parties had been in partnership as manufacturers for several years prior to 1860, at Fall River and at Westport, and that they dissolved about January 1, 1860, the plaintiff taking the property at Fall River, and the defendant that at Westport, each party assuming and paying the debts connected with each establishment, and that the same had all been adjusted ; but that the mutual accounts of the partners with the firm arising from a difference in the capital paid in, and the amounts drawn out by each prior to the dissolution, were not then adjusted.

There was evidence tending to show that about 1862 they both agreed that James M. Morton should examine and make up the accounts, and that he took the books and did so, the parties frequently appearing before him for the purpose of aiding him in preparing his statement; that he finished his examination about February or March, 1868, and notified the parties thereof, who appeared before him, and he rendered each party a detailed statement in writing of their accounts to January 1, 1860, by which it appeared that the defendant was, on January 1, 1860, indebted to the plaintiff in the sum of $3384.55, arising from the two sources above stated; and that neither· party objected to the statement.    The plaintiff introduced evidence tending to show that the defendant then orally agreed to pay him the said balance in a few days, and also interest on it from the time of the dissolution in 1860, and made several subsequent oral promises to settle the account; but did not offer any evidence of an acknowledgment or promise in writing.

The defendant offered no evidence, but contended that the statute of limitations was a bar to a recovery, as more than six years had elapsed since the dissolution of the partnership in 1860.

The plaintiff contended that the statute began to run against the account stated at the time of the statement in 1868, and the oral promises of the defendant to pay the balance so found due. The parties agree that if the statute is a bar, judgment may be entered for the defendant; but if not, the case to stand for trial.

*E. H. Bennett & H. J. Fuller*, for the plaintiff.    1. The statute of limitations begins to run from the time the account is stated, and not from the time of the original debt.    The stating of an account, with an express promise by the debtor to pay, or accompanied by a sufficiently long, silent acquiescence from which a promise is inferred, creates a new contract, on which the action is based.    It alters the nature of the original debt, so that if the original remedy was only by the technical action of debt, or covenant, yet, after an account stated, assumpsit will lie. 1 Steph. N. P. 362.    *Foster* v. *Allanson*, 2 T. R. 479.    *Moravia* v. *Levy*, 2 T. R. 483 note.    And it has been held that the creditor cannot rely upon his original cause of action, but must sue on an *insimul computassent*.    *Milward* v. *Ingram*, 2 Mod. 43. Because it is a new contract, an infant is not bound by it, al-

though the items involved are necessaries for which he might have been liable in an action for goods bargained and sold. *Trueman* v. *Hurst*, 1 T. R. 40, 42 n. For the same reason, a recovery can be had upon an account stated, although the original contract was void by the statute of frauds. *Seagoe* v. *Dean*, 3 C. & P. 170, and 4 Bing. 459. *Cocking* v. *Ward*, 1 C. B. 858. So, a surviving partner can recover in his own name for a debt due the firm upon an account stated after his partner's death, without any allegation of such partner's death, which he could not do upon the original cause of action. *Holmes* v. *D' Camp*, 1 Johns. 34. So if A. is indebted to B. alone, and also to B. & C., and states an account to B. & C. including both debts, B. & C. may recover both claims in an action on an account stated. *Moor* v. *Hill*, Peake Add. Cas. 10. So, although one partner cannot generally sustain an action at law against his partner for a share of the profits, yet after an account has been stated between them, said action may be maintained on an *insimul computassent*. A new contract exists between them. *Foster* v. *Allanson*, 2 T. R. 479. *Wray* v. *Milestone*, 5 M. & W. 21. It is unnecessary, in an action upon an account stated, either to allege or prove the original indebtedness. The stating of the account is the consideration for the new promise of the debtor. 1 Steph. N. P. 362. 1 Chit. Pl. 358 ; 2 Ib. 90. *Milward* v. *Ingram*, 2 Mod. 43. The statement of the account furnishes a new cause of action as much as a promissory note or an award of an arbitrator.

2. If the statement of the account furnishes a new cause of action, it necessarily follows that the statute cannot begin to run until such statement. 2 Greenl. Ev. § 126. *Ex parte Storer*, Daveis, 294. *Toland* v. *Sprague*, 12 Pet. 300, 333. *Ashley* v. *Hill*, 6 Conn. 246. *Allen* v. *Stevens*, 1 N. Y. Leg. Obs. 359. *Smith* v. *Forty*, 4 C. & P. 126. *Ashby* v. *James*, 11 M. & W. 512. The converse of the rule is equally true ; for if A. & B. have mutual accounts, and the account on one side is stated, the statute begins immediately to run against that account, and is not kept alive by the account of the other party, as it would have been had not the account been stated. By the statement the accounts are no longer mutual. Angell on Lim. § 150. *Farrington* v. *Lee*, 1 Mod. 268. *Webber* v. *Tivill*, 2 Saund. 124 note. *McLellan* v. *Crofton*, 6 Greenl. 307. *Union Bank* v. *Knapp*, 3 Pick. 96.

3. It is immaterial then that the plaintiff proved only an oral promise by the defendant. None at all was necessary. Long acquiescence is as good as an express promise. *Lockwood* v. *Thorne*, 1 Kern. 170. *Philips* v. *Belden*, 2 Edw. Ch. 1. *Wiggins* v. *Burkham*, 10 Wall. 129. 1 Story Eq. Jur. § 526.

*T. M. Stetson*, for the defendant.

WELLS, J. An "account stated" is an acknowledgment of the existing condition of liability between the parties. From it the law implies a promise to pay whatever balance is thus acknowledged to be due. It thereby becomes a new and independent cause of action, so far as that a recovery may be had upon it without setting forth or proving the separate items of liability from which the balance results. Under the law as it existed prior to the St. of 9 Geo. IV. *c.* 14, in England, and the St. of 1834, *c.* 182, in this Commonwealth, the limitation of the right of action would run, in all cases, from the date of the account stated.

The original debt, though barred by the statute, in this case, at the time of the account stated, furnished sufficient consideration for the express promise relied on. *Little* v. *Blunt*, 9 Pick. 488, 492. That promise was oral merely; and we infer from the report that there was no promise or acknowledgment contained in any writing signed by the defendant. Here lies the difficulty in the plaintiff's case. It is provided by the Gen. Sts. *c.* 155, § 13, that "no acknowledgment or promise shall be evidence of a new or continuing contract whereby to take a case out of the operation of the provisions of this chapter," (relating to the limitation of personal actions,) "or to deprive a party of the benefit thereof, unless such acknowledgment or promise is made or contained by or in some writing signed by the party chargeable thereby." See St. of 1834, *c.* 182.

The promise, whether express or implied, which sustains and is involved in a declaration upon an *insimul computassent*, is such "a new or continuing contract." The statute does not forbid its proof by unsigned writings and oral promises or acknowledgments; but only provides that such proof shall not operate to take the case out of the general rule of limitation.

The argument for the plaintiff is that this provision applies only to suits brought upon the original cause of action, in which

the new promise is relied on to defeat the plea of the statute; and not to a case like the present, which is brought upon the new cause of action itself. But we think its application does not depend upon the order of the pleadings. It is a rule of evidence, not of pleading. In other cases, it is true, the suit is ordinarily brought upon the original cause of action without alleging the new promise. But when the new promise is proved, in reply to the plea of the statute, the suit is maintained only on the ground that the cause of action upon which the judgment is to be rendered has accrued within the period of limitation. Gen. Sts. c. 155, § 1. *Little* v. *Blunt,* 9 Pick. 488. The original cause of action is brought forward to the date of the new promise, which includes it as its subject matter. With proper recitals and allegations, the action might be maintained upon the new promise in all cases ; at least, in all cases where it is expressed. Such a change in the form of the declaration would clearly not enable the plaintiff to avoid the plea of the statute, or to meet it with evidence which would not otherwise have availed him. *Penniman* v. *Rotch,* 3 Met. 216, 221.

The action upon an *insimul computassent* stands substantially upon the same footing in this respect. It is in effect a suit for the balance due upon an adjustment of the several claims between the parties. The form of the count as prescribed in the Gen. Sts. c. 129, § 87, is that the defendant owes the plaintiff a certain sum " for the balance found due to the plaintiff by the parties on accounting together." The accounting together does not change the character of the claim, but only settles the amount of the balance due. *Rundlett* v. *Weeber,* 3 Gray, 263. Any promise to pay a sum certain as and for the balance due from the defendant to the plaintiff would sustain this count. 1 Saund. Pl. & Ev. 44. *Charman* v. *Henshaw,* 15 Gray, 293. 2 Greenl. Ev. § 126.

On the other hand, every action upon an account, even though the plaintiff sets forth only his own charges without the corresponding credits, is regarded as brought to recover the balance of account due, so far at least as respects the application of the rules of law for the limitation of actions. *Cogswell* v. *Dolliver,* 2 Mass. 217. *Penniman* v. *Rotch,* 3 Met. 216. The application of the statute must depend upon the rights of the parties as established by the facts of the case, and not upon their formal position

in the suit.   We are satisfied that the provision above quoted was intended and should be construed to require that any acknowledgment, promise or statement of account, relied on to sustain a claim for a balance upon previously existing liabilities, under an *insimul computassent*, must be supported by the evidence of some writing signed by the party to be charged, in order to avoid the defence of the statute of limitations, which would otherwise have been a bar to the claim for such balance. Such also appears to be the rule in England under the St. 9 Geo. IV. *c.* 14.   Angell on Lim. § 274.

There being no such writing in this case, according to the terms of the report there must be

*Judgment for the defendant.*