OLIVER J. RAND *vs.* ALBERT J. WRIGHT, administrator.

Suffolk.    March 4. — June 30, 1880.    ENDICOTT & SOULE, JJ., absent.

The answer to a declaration upon an account annexed alleged that the plain tiff and the defendant accounted together, and the items of the plaintiff's claim against the defendant were passed upon and the amount of the items adjusted and agreed upon, and that the moneys owing from the plaintiff to the defend-ant were agreed upon, and a certain sum agreed upon by the parties, on account-ing together, as the balance found due to the plaintiff, and in full settlement to a date specified. *Held*, on demurrer, that the defence of *insimul computassent* was sufficiently pleaded.

CONTRACT upon an account annexed for work done for the defendant's intestate.

The defendant answered that the work was done, and the prices were correct as stated in the account annexed; " but that the said plaintiff, and the defendant's intestate, during his life-time, accounted together, and the said items were passed upon by the parties, and the amount was adjusted, and the money owing by the plaintiff to the defendant and the amount of said items were agreed upon, and the sum of forty six hundred and sixty-seven and $\frac{71}{100}$ dollars was agreed upon as the balance found due to the plaintiff by the parties on accounting together; the date of said accounting together being October 11, 1877, and the amount agreed upon as a balance being in full settlement to October 1, 1877."

The plaintiff demurred to the answer, " for that the same does not disclose any legal defence to the cause of action declared on, in this, that if the plaintiff and the defendant's intestate accounted together, as alleged in said answer, such accounting does not bar the plaintiff's right to recover the full amount of the items of his account as set forth in the declaration and admitted in the answer."

The Superior Court sustained the demurrer, and ordered judg-ment for the plaintiff for the full amount claimed; and the defendant appealed to this court.

*A. E. Pillsbury*, for the plaintiff.

*C. T. Gallagher*, for the defendant.

GRAY, C. J.    Notwithstanding the confusion created by some early English cases, relied on in *Bump* v. *Phœnix*, 6 Hill, 308,

cited for the plaintiff, the law upon the question before us is clearly shown by the judgments of Lord Holt in *May* v. *King*, 12 Mod. 537; *S. C.* 1 Ld. Raym. 680; of Chief Justice Wilde in *Callander* v. *Howard*, 10 C. B. 290, and of Mr. Justice Blackburn in *Laycock* v. *Pickles*, 4 B. & S. 497, to be as follows:

In order to constitute an *insimul computassent* or account stated, it is sufficient that several items on each side of an account have been set against one another, and a balance struck, and that balance adjusted and agreed upon as the sum due from one party to the other; and in such case the consideration for the promise to pay the amount so found due is the discharge of the items on each side, and the several items and the considerations thereof need not be alleged, and, at least when there is no question of their legality, cannot be inquired into. By the rules of special pleading, indeed, a plea merely setting forth such facts would have been bad; bad in an action of debt or of covenant, because it did not plead the facts according to their legal effect, that is to say, as payment; bad in an action of assumpsit, because it amounted to the general issue, for in assumpsit, at common law, payment might be given in evidence under the general issue. But under the new rules of pleading in England, it was sufficient that the allowances in account should be in substance and effect, though not directly, pleaded as payment. And by our practice act, it is sufficient to plead the material facts necessary to constitute a cause of action, or a defence, without averring their legal effect. Gen. Sts. *c.* 129, §§ 2, 13, 17, 20, 27. *Chace* v. *Trafford*, 116 Mass. 529, 532.

The answer in the case at bar alleges, not only that the plaintiff and the defendant's intestate accounted together, and the items of the plaintiff's claim against the defendant were passed upon, and the amount of those items adjusted and agreed upon, but also that the moneys owing from the plaintiff to the defendant were agreed upon, and a certain sum agreed upon by the parties, on accounting together, as the balance found due to the plaintiff, and in full settlement to a date specified. The answer thus sets forth all the material facts necessary to constitute the defence, and the court below erred in sustaining the demurrer thereto. Its judgment must therefore be reversed, and the

*Plaintiff's demurrer overruled.*