KILAUEA SUGAR CO. *vs.* R. A. MACFIE, JR.

EQUITY APPEAL FROM THE DECISION OF JUDD, CHANCELLOR.

JULY TERM, 1883.

JUDD, C. J., and AUSTIN, J.   McCULLY, J., absent.

A manager of a sugar plantation owned by a corporation is not an officer of the corporation, and *Quo Warranto* does not lie to remove him : nor would it afford the relief desired, even if he were an officer.

Equity has jurisdiction by injunction to restrain assertion of doubtful rights in a manner productive of irreparable damage, as of a manager of a plantation interfering with the management after his removal.   Decision of the Chancellor affirmed.

*The Opinion of the Chancellor, appealed from, was as follows :*

OPINION OF JUDD, CHANCELLOR.

THIS is a Bill in Equity alleging, in substance, that the plaintiff, a corporation, duly incorporated under the laws of this Kingdom, owns a sugar plantation on the island of Kauai; that respondent had been manager of the said plantation, but was on the 1st day of May, 1883, removed from this position by the President of the corporation, in accordance with a vote of the directors and of the stockholders of said corporation, at a meeting at which respondent was present, the whole number of shares in the corporation being 300, and the holders of 225½ shares voting in favor of this action.

That one Louis Alborn was thereupon duly appointed as manager, and proceeded to Kauai and requested the respondent to make over to him the management of said plantation pursuant to said order of removal, etc., but this the respondent refused to do, and he still refuses to resign or transfer to said Alborn the management of the plantation ; that by reason of said acts and doings on the part of the respondent, the plaintiff corporation is liable to suffer irreparable damage and injury in respect of the crops and labor and otherwise concerning the plantation, and they have no adequate relief therefor except in a Court of Equity by an injunction ordering and enjoining him (the respondent) not to interfere in any way with the management or charge or control of said plant-

ation, and to transfer and deliver the management and all things pertaining, to said Alborn, etc.: that the respondent is only interested in the plantation as mortgagor of 74½ shares to H. Hackfeld & Co., etc., etc. The bill prays for an injunction as above, and that after answers and proofs the injunction be made perpetual.

At the hearing the respondent demurred generally, alleging for cause that the bill does not disclose any equitable jurisdiction; that this case is apparently for the purpose of trying a question of title to an office, and the proper remedy is by *quo warranto*; that equity has no jurisdiction over questions of title.

I am referred to 2 *High on Injunctions* §1210, where the author says, "Nor will a Court of Equity, at the suit of stock-holders of a corporation, restrain its officers from the exercise of their functions, since such restraint would be equivalent to removal from office, and over such a subject equity has no jurisdiction."

Also, *Id.* §1256: "Where the only point is the legal question of the authority of municipal officers to perform a particular duty and no irreparable injury is shown to result from their assertions of authority, an injunction will be denied, and the parties aggrieved will be left to determine the questions of authority by proceedings in *quo warranto*." Citing *Brown vs. Reding*, 50 N. H. 336. Also, *Id.* §1235, "It is also to be observed that Courts of Equity do not entertain jurisdiction over corporate elections for the purpose of determining questions pertaining to the right or title to corporate offices, since such questions are properly cognizable only in courts of law, the appropriate remedy being by proceedings at law in the nature of a *quo warranto*. Citing *Mickles vs. Rochester City Bank*, 11 Paige, 118. *Hartt vs. Harey*, 32 Barb. 55.

In this latter case the Court says, "It seems to me that upon these authorities it is impossible to hold that there is any jurisdiction in a court of equity to determine the right to an office, unless the jurisdiction attaches by reason of some considerations in the particular case, by reason of which the court of law cannot furnish adequate relief."

Our own Statute, Chap. XXXIX. of the Acts of 1876, defines the writ of *quo warranto* to be "an order * * directed to a

person who claims or usurps an office in a corporation, inquiring by what authority he claims to hold such office."

These authorities seem to lay down the law correctly and I do not dispute their soundness. But is the question raised by the bill one of title to an office in a corporation ? I think not. A manager of the sugar plantation owned by the corporation is not in any sense an officer of the corporation. He is not alleged to be so in the bill.

"An action in the nature of *quo warranto* does not lie against the secretary and treasurer of a railroad company, who is a mere servant, holding at the will of the directors."

*People vs. Hills*, 1 Lansing, 202.

The court there say "The only effect of a judgment against the defendant would be his removal from office ; but such a judgment would be nugatory, for the directors might immediately reinstate him." Citing *Commonwealth vs. Dearborn*, 15 Mass., 125, and *The King vs. Corp. of the Bedford Level*, 6 East, 556.

I fail to see how the writ of *quo warranto* could be made to apply or would afford the relief desired, even if it be conceded that the managership of the plantation is an office in the corporation and that respondent is holding or usurping it without authority.

The judgment which the court would pronounce, if in favor of the applicant, would be of *ouster*. This merely settles the title to the office, and the court would declare him "not qualified to fill the office of which he performs the duties, and forbid him to perform them any longer." Chap. XXXIX Laws of 1876, §§40, 41. It must be borne in mind that the demurrer assumes that the *facts* alleged in the bill (though not its inferences) are true, even though raising jurisdictional questions.

Now the bill alleges that respondent has been removed from the position as manager by the president of the corporation, pursuant to a resolution of the directors and share-holders, and that by refusing to surrender the management and control of the plantation, the property of the corporation, "great and irreparable injury in respect to the labor and crops and otherwise concerning the plantation may result." In deciding this demurrer these allegations must be considered to be true.

It will be noticed that in many of the citations from authorities above made, the courts qualify the statement that a court of

equity cannot try questions of title to office by expressions similar to the following, "unless the jurisdiction attaches by reason of some consideration in the particular case, by reason of which the court of law cannot afford adequate relief." 32 Barb. 55 and 2 High Inj. §1256.

After an enumeration of the various cases in which the remedy of injunction may be applied, given in Hilliard on Injunctions, p. 8, the author says, "These, however, are far from being all the instances in which this species of equitable interposition is obtained. It would indeed be difficult to enumerate them all; for in the endless variety of cases in which a plaintiff is entitled to equitable relief, if that relief consists in restraining the commission or continuance of some act of the defendant, a court of equity administers it by means of the *writ of injunction.*" "The extent to which the jurisdiction may be carried is not marked out by any adjudged case, and from the nature of things it must forever remain undefined."

Lord Redesdale, in his summary of the general objects of equity jurisdiction, gives as one of them : "(6.) To restrain the assertion of doubtful rights in a manner productive of irreparable damage." Story's Equity Pl. §472. The object sought for in the bill before me is analagous.

The acts of a removed manager of a sugar plantation in declining to surrender full control, or by interfering with the management, might be considered as a continuing trespass, and if this be coupled with an allegation that great and irreparable damage is likely to be occasioned by such acts of respondent, there is no doubt in my mind of the jurisdiction of a court in equity to restrain them.

The Bill substantially covers this ground. I therefore overrule the demurrer ; respondent may answer over in ten days.

*Smith & Thurston,* for plaintiff.

*F. M. Hatch,* for respondent.

Honolulu, May 28, 1883.

OPINION OF THE APPELLATE COURT ·BY AUSTIN, J.

This case comes here on appeal from the decision of the Chancellor overruling the demurrer of the defendant to the plaintiff's bill. The demurrer avers that the bill is not sufficient in law.

In his argument, the defendant's counsel claims that the plaintiff is not entitled to an injunction, which is the relief sought in the complaint; that his remedy is at law by *quo warranto* to try the defendant's title to the office of manager of the plaintiff's plantation. And, further, that even if the remedy is not by *quo warranto*, the allegations of injury as stated in the bill are insufficient upon which to grant an injunction.

Upon the authorities cited by the Chancellor in his opinion, we think the remedy in the case for the plaintiff is not at law by *quo warranto*.

The manager of a plantation owned by a corporation is in no sense an officer of the corporation. He is only an employee and servant of the corporation. As such he can be discharged at will by the plaintiff, even though his agreed term of service had not expired, subject to his right to claim damages at law for a wrongful discharge. After such a discharge, he has no right to attempt to perform the duties of manager, or to prevent a new appointee from performing such duties. He has no possible right or title to an office of the corporation.

We also think the allegations as to the nature of the injuries likely to result from the acts of defendant are sufficient to authorize an injunction.

The defendant's counsel says that the defendant is not charged with waste or with refusing to carry on the work of the plantation.

This is unnecessary, and would be inconsistent with the other allegations. The allegation is that the defendant insists upon carrying on the work of the plantation in his own way, and contrary to the wishes of the plaintiff. That being a minor part-owner of the stock of the corporation, he insists upon personally managing it after he is discharged, and that he stated, when asked to give up the management, that he would not, and that he would make H. Hackfeld & Co., the agents and principal creditors of the plaintiff, and also of the defendant, all the trouble

he could.   That by his refusal to give up the control of the plantation, and because of all the matters alleged, there is great danger that the defendant will work irreparable injury to the plantation in its crops and labor and otherwise, unless restrained.

The allegations show that the defendant is the owner of about one-fourth of the plaintiff's stock, subject to a mortgage to said agents of over $100,000, which is largely more than its par value. The threats to make H. Hackfeld & Co. all the trouble he could, show a reckless disregard of the plaintiff's interests, as well as his own.

The duties of the manager of a sugar plantation are well known.   He has charge of all the laborers and makes the contracts with them, and directs all the operations of planting, harvesting and grinding the cane.   His acts, if negligent, or for any reason hostile to the plaintiff's interests, might surely work irreparable injury.   The defendant insists upon retaining his place as manager, and we think the plaintiff, unless he is restrained, has reason to fear irreparable injury.

We think the allegations are sufficiently specific and complete, and make a plain case for an injunction.

*Smith & Thurston*, for plaintiff

*F. M. Hatch*, for defendant.

Honolulu, July 27, 1883.