## M. F. SCOTT v. HAWAIIAN TOBACCO PLANTATION, LIMITED.

EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

ARGUED MARCH 12, 1913.            DECIDED MARCH 26, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

ACCOUNT STATED—definition—promise to pay.

> An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions. It is an acknowledgment of an existing condition of liability between the parties. From it the law implies a promise to pay whatever balance is thus acknowledged to be due.

EVIDENCE—mere scintilla insufficient.

> A mere scintilla of evidence is insufficient to support a finding of fact.

CORPORATIONS—acts and admissions of agents.

> The acts and admissions of the agent of a corporation when acting within the scope of his authority are the acts and admissions of the corporation.

ID.—authority of manager—account stated.

> The manager of a tobacco plantation owned by a corporation, who is authorized to direct all of its industrial operations and

makes purchases for the corporation, has charge of all the la-
borers, makes contracts for clearing and cultivation, adjusts the
amounts due to the laborers and contractors and directs the pay-
ments for labor and materials, has authority to enter into an ac-
count stated showing the amount due to a contractor.

## OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit for $260 for labor performed
in clearing 5 1/5 acres of land.   It was commenced in the
names of Chris Carcani and George H. Constantine who fur-
nished the labor.   M. F. Scott, to whom the claim was assign-
ed, was later substituted as party plaintiff.   In the declaration
as amended there are two counts, the first upon an express con-
tract to pay for the labor at the rate of $50 per acre and the
second upon an account stated.

By admissions of the defendant and by undisputed evidence
it is shown beyond any doubt that the defendant is a corporation
with its head office in Honolulu, Oahu, that the labor was by
the plaintiff's assignors performed for the defendant as alleged,
that the reasonable value of the labor is $50 per acre or $260
in all and that the amount remains wholly due and unpaid, al-
though payment was requested.   No defense on the merits was
presented and apparently there is none.   If the plaintiff had
included in his declaration a count on a *quantum meruit,* there
could be no hesitation in rendering judgment for the plaintiff
and in sustaining the judgment.   The only apparent difficulty
lies in the fact that there is no evidence to sustain a finding
of an express contract and that the proof of the account stated
is claimed to be defective and insufficient.

From undisputed evidence it appears that plaintiff's assign-
ors performed the labor in question in 1909 and 1910; that at
that time one Peck was the manager of the plantation; that on
June 10, 1910, one Schrader succeeded Peck as manager and
continued to hold that office until and including the time of the
trial of the case at bar; that on several occasions after Schrader

became manager Carcani, acting for Constantine as well as on his own behalf, requested of Schrader payment for the clearing done by them; that the corporation was financially embarrassed and in arrears in the payment of its manager and laborers and that Schrader suggested to Carcani that he attempt to procure payment from the officers in Honolulu; that Carcani declined to do so; that subsequently Schrader, after measuring the land cleared and making an investigation into the facts concerning the performance of the labor and its value, was fully satisfied that the land was 5 1/5 acres in area, that the labor was performed as claimed and that its reasonable value was $50 per acre or $260 in all; and that on February 6, 1912, Schrader at Carcani's request gave him a document signed by himself on behalf of the corporation and reading as follows: "Statement of Account due Chris. Carcani and Geo. H. Constantine for clearing land in 1909 and 1910. By clearing of guavas, root and branch, clearing and placing in shape for cultivation (5 1/20) five and one twentieth Acres of land @ $50.00 per A. $260.00. Correct: Hawaiian Tobacco Plantation Ltd., by Wm. B. Schrader Mgr." From the evidence it is clear that the error on the face of the instrument was in the statement of the area and not in that of the amount.

It is claimed by the defendant that this document, by reason both of its language and of the circumstances leading up to and surrounding its execution and delivery is not an account stated; and also that Schrader was without authority to bind the corporation in the matter.

"An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions." 1 Cyc. 364. It is "an acknowledgment of an existing condition of liability between the parties. From it the law implies a promise to pay whatever balance is thus acknowledged to be due." *Chace* v. *Trafford*, 116 Mass. 529. "An admission of an indebtedness in a specified sum is sufficient to constitute a claim an account stated." *Ware* v. *Man-*

*ning,* 5 So. (Ala.) 682. "The acknowledgment by defendant that a certain sum is due creates an implied promise to pay. \* \* \* It is the consent of the defendant to the balance claimed that imparts to it the character of an account stated." *McCall* v. *Nave,* 52 Miss. 495. The paper above quoted clearly complies in form with these requirements. It is described on its face as being a "statement of account due" the plaintiff's assignors "for clearing land in 1909 and 1910," sets forth their claim to be "by clearing of guavas, root and branch, clearing and placing in shape for cultivation (5 1/20) five and one twentieth acres of land @ $50.00 per A. $260" and in the one word "correct" unmistakably notes the defendant's acknowledgment over its signature of the correctness of the claim. The circumstances relied upon to deprive the document of the character of an account stated are that, as it is claimed, Schrader did not intend it to be an admission of the amount due but merely of the fact that the work had been done and that Carcani did not agree that $260 was the amount due and that therefore the minds of the parties did not meet. Concerning the latter point Schrader testified that at the time of the delivery of the paper Carcani did not open it or read it, but he also testified that this was due to the fact that Carcani "had the utmost confidence in me, I says, here are the accounts and I don't remember him looking at it at all, simply took them and thanked me, said 'you have helped me out a great deal,' because he had the utmost confidence in me that I had made it out correctly, as I understood it," and to the court's question, "Then if I correctly understand you, Mr. Schrader, you say that the best of your recollection is that, while you are not absolutely sure, you had previous to the time of giving this paper mentioned to Carcani the sum of $260, and this was merely following out that previous conversation?" answered: "Yes, sir, in fact in addition to that I would like to say that he left it entirely to my honor, as he put it, to put a figure on his work." There is nothing in the evidence to justify a finding that Carcani ever objected to the

Scott v. Hawaiian Tobacco Plantation, 21 Haw. 493.

sum of $260 as the amount due. On the contrary, the irresistible inference from the evidence is that at all times, after Schrader measured the land and otherwise investigated the facts, Schrader and Carcani were in entire accord upon the ultimate fact that the sum due was $260. Six days after the statement was delivered, Carcani and Constantine commenced this action naming $260 as the amount due. Not unmindful of the well established rule that this court cannot, in an action at law, disturb findings of fact based upon substantial evidence, we think that the only finding possible upon the evidence is that in delivering and receiving the paper in question, the parties agreed upon $260 as the amount due.

It is true that Schrader testified, "When I made out this statement it was practically merely a statement of fact that they had cleared the land, that I knew they had cleared it" and "I didn't want to make out that paper because I knew that I knew nothing about it except the mere fact that they cleared the land," but the facts remain that he did make out the paper, that he did so voluntarily, that he wrote, in addition to the statement of the performance of the work, that the correct sum due was $260 and that the corporation so acknowledged and that he also testified: "I inquired from 2 or 3 parties what was a fair price to clear land and they made the remark that so and so,—some land requires a little more money than some others, and I took that" ($50 per acre) "as a fair price for that land, because I had about thirty acres cleared and I took their view," (meaning the view of Carcani and Constantine) "heavy guava, heavy roots, was a fair price." Other evidence by Schrader was to the same effect. While the question is a close one, we think, in view of the language of the document signed by Schrader and of all of the other evidence, that the statement that he intended merely to certify that the land had been cleared must be regarded as a mere scintilla of evidence and that the finding that the paper was not an account stated is unsupported by evidence.

As to Schrader's authority. It sufficiently appears from the evidence that the corporation was engaged in conducting on the Island of Hawaii a plantation for the cultivation of tobacco and that Schrader as manager directed all of its industrial operations on the plantation, made purchases for the corporation, had charge of all the laborers, made contracts for cultivation, and adjusted the amounts due to the laborers and contractors and directed the payments for labor and materials. This accords with the facts judicially known by the court as ordinarily existing on plantations in this Territory owned by corporations whose actual operations on the field are superintended by a manager. In *Kilauea S. Co.* v. *Macfie,* 5 Haw. 3, 8, this court in 1883 said: "The duties of a manager of a sugar plantation are well known. He has charge of all the laborers and makes the contracts with them and directs all the operations of planting, harvesting and grinding the cane." Since that time corporations engaged in agricultural enterprises have increased largely in numbers and their course of business, with reference to the powers and duties vested in their managers has, it is well known, been the same as that recognized in the case just referred to. The operations and method of management of a tobacco plantation are necessarily similar. A corporation can speak only through the medium of agents. 4 Thomp. Corporations, §4915. And it is a well settled rule of law that "the acts and admissions of the agent of a corporation when acting within the scope of his authority are the acts and admissions of the corporation." *Hackfeld* v. *Grossman,* 13 Haw. 725. No attempt was made by defendant to show that the manager in this instance did not possess the ordinary powers of a manager similarly situated. Mr. Schrader had authority to enter into a contract for the clearing of land and likewise was authorized to adjust the amount due for the labor furnished and to enter into an account stated showing the amount due. It is immaterial that the labor was furnished during the incumbency of Schrader's

Scott v. Hawaiian Tobacco Plantation, 21 Haw. 493.

predecessor in office. The same power of settling the amount due continued in the succeeding manager.

The exceptions are sustained, the judgment set aside and a new trial granted.

Plaintiff in person.

*J. W. Russell (Thompson, Wilder, Watson & Lymer* on the brief) for defendant.