## CHING YAU, DOING BUSINESS UNDER THE NAME OF SUN LOONG, v. JOE B. RAPOZO.

### No. 1745.

SUBMITTED MAY 18, 1927.   DECIDED SEPTEMBER 2, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an action of assumpsit—jury waived.

The circuit judge before whom the case was tried held that under the evidence the defendant was indebted to the plaintiff in the sum of $799.69, with interest at 8% per annum from the 7th day of May, 1926. Judgment was accordingly entered for this amount. The defendant duly excepted to the decision of the judge (which was in writing) and has by bill of exceptions brought the case here for review. The main points relied on by the defendant are (1) that the complaint does not state a cause of action, and (2) that the judgment is not supported by substantial evidence amounting to more than a scintilla. The complaint is as follows:

"The undersigned, Ching Yau, of Kapaa, County of Kauai, Territory of Hawaii, doing business at said Kapaa under the trade name of 'Sun Loong', claims of

Joe B. Rapozo, of said Kapaa, the sum of Seven Hundred Ninety-nine Dollars and sixty-nine cents ($799.69) and interest thereon at eight per cent. (8%) from the 7th day of May, 1926, for that, to-wit:

"1. Said defendant is indebted to said plaintiff in the said sum upon an account for goods sold and delivered and money loaned to and money paid for said defendant by said plaintiff, at defendant's request, at said Kapaa, between the 1st day of December, 1924, and said 7th day of May, 1926; and

"2. Upon an account stated for said sum of Seven Hundred Ninety-nine Dollars and sixty-nine cents ($799.69); and that

"3. The said sum of Seven Hundred Ninety-nine Dollars and sixty-nine cents ($799.69) became due and payable on the said 7th day of May, 1926, but the defendant has not paid the same, nor any part thereof.

"Wherefore, plaintiff prays judgment against said defendant for said principal sum of Seven Hundred Ninety-nine Dollars and sixty-nine cents ($799.69), together with interest thereon from said 7th day of May, 1926, attorney's commissions, and costs of this action; and asks the process of this court to cite said defendant to appear and answer this his complaint before a jury of the country at the January 1926 term, or the then term, of this court, unless otherwise sooner disposed of by judicial authority."

The defendant interposed no demurrer to the complaint, but took issue thereon by filing a general denial.

It is claimed by the defendant that the complaint consists of a single count which is so imperfect that it does not state any cause of action, although it is an attempt to declare on an account stated. The defects suggested by the defendant are that the complaint does not allege facts showing that an account was stated between the parties, and that there is no allegation that the defendant agreed to pay the amount claimed to have been stated in the account. The circuit judge in his decision seems to have only considered the evidence from the standpoint of an account stated and to have decided that

the defendant was liable on that theory. We will therefore examine the complaint for the purpose of determining whether the defendant's attack upon it is authorized by the law of pleading. Let us see what facts are directly alleged and what facts are inferable from those alleged. If these facts are sufficient to describe an account stated, although inartificially done, the complaint is not subject to the defendant's criticism. The residence of the plaintiff and the defendant is directly alleged; it is directly alleged that the plaintiff claims of the defendant the sum of $799.69 with interest at 8% from the 7th day of May, 1926; it is directly alleged that the defendant is indebted to the plaintiff in such sum on account of goods sold and delivered and money loaned and money paid for the defendant by the plaintiff at the defendant's request; it is directly alleged that the defendant is indebted to the plaintiff in said sum of $799.69 on *an account stated* and it is directly alleged that said sum became due and payable on the 7th day of May, 1926, and that no part of it has been paid.

Only ultimate facts need be alleged. It is not required that the evidence necessary to establish the ultimate fact be alleged. In *Brown* v. *Cornwell*, 20 Haw. 457, 465, this court said: "In pleadings it is necessary to allege only ultimate as distinguished from evidential facts." It is no objection to a pleading that it states a conclusion so long as it is a conclusion of fact and not a conclusion of law.

In *McAllister* v. *Kuhn*, 96 U. S. 87, the court said, on page 89: "But, for the purposes of pleading, the ultimate fact to be proven need only be stated. The circumstances which tend to prove the ultimate fact can be used for the purposes of evidence, but they have no place in the pleadings."

Assuming that the defendant's view that the complaint consists of a single count is correct, the ultimate

fact alleged and upon which the plaintiff claims that the defendant is liable is that there was *an account stated* between the parties. The establishment of this ultimate fact depended on the sufficiency of the evidence adduced in support of it, which evidence it was unnecessary to plead.

It is true that the complaint does not directly allege that the account was stated on a certain date. It does allege, however, that the amount for which the account was rendered became due on a certain day, and inasmuch as the amount of a stated account becomes due on the date when the account becomes a stated account, the natural inference is that the account was stated on that date.

If there had been a demurrer to the complaint it may be the plaintiff should have been required to state his case with more accuracy. This question, however, is not involved and we do not decide it.

We will next consider the defendant's contention that the complaint is defective because it does not allege that the defendant promised to pay the amount contained in the stated account. It does not do so in so many words. Is not the promise to pay, however, implied from the allegation that there was an account stated for a certain definite amount? An express promise to pay is not necessary. It suffices to maintain the action if there was a promise implied by the law from the fact that there was an account stated between the parties. In *Scott* v. *Honolulu Tobacco Plantation,* 21 Haw. 493, this court incorporated in its opinion (pp. 495, 496) the following quotations which were regarded as correct statements of the law: " 'An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions.' 1 Cyc. 364. It is 'an acknowledgment of an existing condition of liability between the parties. From it the law implies

a promise to pay whatever balance is thus acknowledged to be due.' *Chace* v. *Trafford,* 116 Mass. 529. 'An admission of an indebtedness in a specified sum is sufficient to constitute a claim an account stated.' *Ware* v. *Manning,* 5 So. (Ala.) 682. 'The acknowledgment by defendant that a certain sum is due creates an implied promise to pay.' *McCall* v. *Nave,* 52 Miss. 495."

On principle this question is settled in *Wo Sing & Co.* v. *Kwong Chong Wai Co.,* 16 Haw. 17. In that case it was decided that in an action "for goods sold and delivered" it was not necessary to allege a promise to pay for the reason that the law implied the promise. The same rule, and for the same reason, is equally applicable to an action on an account stated.

The defendant also contends that there was no substantial evidence amounting to more than a scintilla to support the judgment. We cannot agree with this contention. The plaintiff testified that on May 7, 1926, he gave to the defendant a written statement showing a balance due him of $799.69 and that the defendant made no objection to it, but stated that he had no money with which to pay it but would pay it by and by. There was also evidence tending to show that the defendant kept the statement for a week before the suit was brought, without objection. It is true the defendant denied that the plaintiff had rendered him an account, but the circuit judge stated in his decision that he found the plaintiff's testimony the more credible. In this connection it is worthy of note that the defendant did not in his testimony deny his indebtedness to the plaintiff in the amount claimed, but sought to defeat the action by denying that there was an account stated.

We have carefully considered all the exceptions and find them without merit.

The exceptions are overruled.

*P. L. Rice* and *P. V. Clibborn* for plaintiff.

*L. A. Dickey* for defendant.