June 11th, 1861.

## SUPREME COURT—IN BANCO.

### JULY TERM, 1861.

IRA RICHARDSON *vs.* THOS. HARDING.

A PUBLIC officer, acting in his official capacity as agent for the Government, is not personally liable on contracts negotiated by him within the line of his public duties.

ALLEN, C. J.

This is an action of assumpsit against the defendant for labor done and performed, and materials furnished at his request as Road Supervisor, to which defendant pleaded the general issue.

It appears in evidence that the plaintiff superintended the building of a bridge on Judd street, and paid for the labor, and furnished all the materials at a cost of $758; that he also performed labor on the same street, and also on Lilia street, the exact amount of which was not fully proved.

It appeared in evidence that the defendant, as Road Supervisor, made and executed a contract for the erection of the bridge for the sum of $400, and it appeared that the contract was signed by him as Road Supervisor; and he contended that

as the bridge was built, and the labor on the road performed under an agreement with him as Road Supervisor, that this action could not be maintained. The law provides that the Minister of the Interior shall appoint a Road Supervisor in every taxation district, who shall have the direction of the public labor on roads, bridges, and and all public highways, and disburse all road taxes, and moneys appropriated by the Legislature for roads, highways and bridges, under the instruction of the Minister of the Interior, and to whom he is accountable. It is further provided that the Government shall pay to him the amount of road tax collected by the Tax Collector in his district, and shall furnish him a list of all the people who have not payed the tax in money. The Road Supervisor reports to the Minister of the Interior of his transactions.

It is contended that, as the defendant executed the contract in question by virtue of his office as Road Supervisor, and expressly in that capacity, and also that he employed the plaintiff on the roads in the same capacity, that he is not liable personally ; a material stipulation in the contract is as follows:

" The whole of the works are to be executed in a good and substantial manner. All materials, labor and cartage to be found by the contractor, and he is to leave the same in a faithful and workmanlike manner, which is to be examined by T. G. Harding, Road Supervisor, Oahu ; when upon his certificate that the works have been done to his satisfaction, to H. R. H. Minister of the Interior, the sum of four hundred dollars will be paid to the contractor within six months from the completion of the said bridge.

(Signed,)      " T. G. HARDING,

" Road Supervisor, Oahu.

" IRA RICHARDSON.

" Honolulu, 5th April, 1860."

It certainly can not be inferred from this provision that any personal liability was incurred, or that the plaintiff relied upon the Road Supervisor instead of the government. It was his clear duty to give his certificate, that the work had been done to his satisfaction, to the Minister of the Interior, and on which, as I understand the contract, he was entitled to receive $400. I do not understand that the defendant ever refused to do so.

Ira Richardson *v.* Thos. Harding.

In the case of Macbeth *vs.* Holdiman, 1 Term Rep. 172, Justice Buller says, " In any case when a man acts as an agent for the public, and treats in that capacity, there is no pretense that he is personally liable." On this contract he negotiates as Road Supervisor, and stipulates expressly that the amount is to be paid by the Minister of the Interior on his certificate. In Hodgson *vs.* Dexter, 1 Cranch 345, the Court say " that when a public agent acts in the line of his duty, and by legal authority, his contracts made on account of the government are public, not personal." There can be no question upon the law, as it exists, that if an agent makes a contract, and describes himself as such, he is not personally bound ; and especially is this the case when agents act in behalf of government, for the reason that it is never to be presumed that a public agent intends to bind himself personally ; and it is equally to be presumed that the party contracting with a government agent relies upon the faith and ability of the government as better than on individuals. It is equally clear also that an agent for individuals or the public may bind himself by an express engagement, and hence the inquiry always as to whom was the credit intended to be given—if to the principal, then there is no reason that the agent should be held. The principle is very clear, and universally adopted, that when an agent makes a contract on behalf of his principal and discloses his name, he is not personally liable. In this respect there is no difference between an agent for government and for an individual, the question in all cases is, to whom was the credit given ? Can there be a question in this case as to whom it was given? The defendant was known as Road Supervisor, and contracted expressly in that character.

Suppose the defendant had left the country, or died insolvent, could the Government have justified itself by saying that the liability was exclusively on the Road Supervisor. We think not. The credit was given to the Government, and not to the defendant, and it belongs to it to see that the contract is fulfilled ; while at the same time, if he thinks to give more faith to his contract by imparting his own credit, he can do so, and incur the responsibility.

In the case of Struckfield & Little, 1 Greenleaf's Rep. 231,

the Court say, that "when a contract is entered into, or a deed executed in behalf of the Government by a duly authorized public agent, and the fact so appears, notwithstanding the agent may have affixed his own name and seal, it is the contract or deed of the Government, who alone is responsible." The same rule does not apply to the agent of a private person, for in that case the name and seal of the principal must be made to the deed—the name of the agent alone is not sufficient. In a word, the Court are of opinion that a public officer, or agent, is not responsible in his official capacity, although he may pledge his personal responsibility, and therefore become liable, or he may become liable when he exceeds his authority or assumes to act in cases where he had no power, or improperly interferes to prevent the party from obtaining satisfaction from the Government; so too when money is placed in the hands of an officer or agent, for the express purpose of enabling him to fulfill a particular contract, and he refuses to pay it over. But the case is not brought within these principles.

Let judgment be entered for the defendant with costs.

C. C. Harris, Esq., for plaintiff.

A. B. Bates, Esq., for defendant.