## LUKA vs. D. K. FYFE, ADMINISTRATOR.

### ON EXCEPTIONS.

ACTION OF ASSUMPSIT for board and also for small items, proper charges against administrator.

It appeared the deceased was a distant relative of the plaintiff, and for thirteen years prior to his death lived with plaintiff. He did some little work at times and no payment for board was ever made or demanded nor was any promise made to pay ;

HELD, that the plaintiff could not recover, the Court having directed the administrator to pay the other small items which were not enough to carry costs in this Court.

Opinion of the Court by JUDD, C. J.

The plaintiff brought his action at this term to recover from the administrator of Kauo, lately deceased, the sum of $322.50, $312 of which was claimed for board and lodging furnished the deceased for six years preceding his death, and care of his land at $1 per week ; also $7.50 for a copy of a royal patent, and $3 for digging deceased's grave.

The jury was waived, and the presiding Justice rendered judgment for defendant, which is excepted to by the plaintiff as being contrary to the law and the evidence.

It seems that the deceased had lived with plaintiff for thirteen years up to the time of his death, being a distant relative of his. He shared somewhat in the work of cultivation and preparing food for the household, sold flowers from the garden, and lived in this manner without objection, no claim for board or lodging ever having been made against

72

Luka *v.* D. K. Fyfe, administrator.

him by the plaintiff; in fact, the plaintiff says he never expected pay. The plaintiff was on friendly terms with deceased all the while, though he now says he was indolent, and a pleasure-loving man.

No express promise to pay was made by the deceased, and we think that all the circumstances of this case negative the idea that a promise to pay for board and lodging can be implied.

An assumpsit, especially when the habits of Hawaiians as to such hospitalities are considered, cannot be implied from the facts of this case.

The parties did not act as they would have acted if the expectation of paying for board existed.

As to the other items in the bill of particulars, we understand the Court directed the administrator to pay them.

A judgment for these amounts could not carry costs.

The exceptions are not overruled.

S. B. Dole, for plaintiff.

J. M. Davidson, for defendant.

Honolulu, January 29, 1883.