No. 38.   DON ROBINSON *v.* HONOLULU RAPID TRANSIT & LAND COMPANY. Exceptions from Circuit Court, First Circuit. Petition for Rehearing. Filed April 15, 1911. Decided April 18, 1911. Robertson, C.J., Perry and De Bolt, JJ. Per curiam: The defendant's petition for a rehearing is based on three grounds: (1) That the decision of the court is in conflict with the statute, R. L., Sec. 1798; (2) That it is in conflict with certain controlling decisions to which, through neglect of counsel, the attention of the court was not drawn; (3) That questions decisive of the case, and duly submitted, were overlooked by the court. The section of the statute referred to contains the provision that it shall not "be construed to prohibit the setting aside of a verdict rendered by such jury, in a proper case, as being against the weight of evidence, and the granting of a new trial therein." The leading feature of the statute is the requirement that all questions of fact shall be submitted to the jury for their determination without any comment upon the credibility of the witnessses or the weight of the evidence by the trial judge. That being so, a legislative intent that the trial judge should have the power to review the finding of the jury on the facts would necessarily

have to be expressed in unambiguous terms. We hold that the proviso above quoted cannot be construed, in the manner contended for by counsel, as authorizing a trial judge to set aside a verdict simply because in his judgment it is against the weight of the evidence, where there is some substantial evidence to support it, and the verdict has not been attacked on any other ground. In other words, in a case where the verdict is supported by more than a scintilla of evidence, it is not "a proper case" in which to set aside the verdict on the sole ground that it is against the weight of the evidence.

As to the second ground, it is sufficient to say that the court overlooked no controlling authority, and no such authority is now called to our attention.

Upon the third ground, counsel seek to reargue, upon the evidence, the questions of negligence and contributory negligence. Suffice it to say that we are satisfied that the case was correctly decided, and that we see no reason for reopening it. The petition is denied without argument under Rule 5.

*G. A. Davis* and *A. L. C. Atkinson* for plaintiff.

*Castle & Withington* and *J. W. Cathcart* for defendant.