KAUPENA (w) *v.* ELIZABETH KAIO, AND ELSIE KAPU, A MINOR, BY HER GUARDIAN.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

ARGUED OCTOBER 16, 1911.     DECIDED OCTOBER 24, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

COURTS—*stare decisis.*

The court declines to consider *de novo* the question involving the construction of section 2513, R. L., decided in *Uuku* v. *Kaio,* ante, p. 567, nothing new or different having been advanced in the way either of argument or authorities.

EVIDENCE—*proceedings in probate for distribution of personal property as evidence in an action to quiet title.*

A claim of title to land in an action to quiet title is not prejudiced by reason of the failure of one claiming as an heir to ap-

pear and make claim to a share of the personal property of the
decedent in a probate proceeding had upon the administrator's
petition for allowance of accounts and discharge.

A decree of distribution made in such a proceeding is not evi-
dence in an action to quiet title to land against one not a party
to the proceeding.

### OPINION OF THE COURT BY ROBERTSON, C.J.

This is a statutory action to quiet title to certain lands situ-
ate on the Island of Kauai. The case was tried in the court
below before a jury and resulted in a verdict for the defend-
ants. The plaintiff brings exceptions.

Certain facts were admitted, viz.: That one Isaac Kahilina
died seized and possessed of the lands described in the plain-
tiff's complaint; that said lands were conveyed by deed to said
Kahilina on April 15, 1890, by one Mika, the same having been
conveyed to him on the same day by Ana Kini, wife of Kahi-
lina; and that plaintiff and defendants each claim an interest
in said lands as heirs of the said Kahilina.

It was not disputed that Kahilina left no children, nor did
the plaintiff dispute the alleged relationship of the defendants
as a niece and grand-niece, respectively, of Kahilina, but the
defendants disputed the claim of the plaintiff that she is the
grand-daughter of a half-brother of Kahilina.

Plaintiff's contention was, and there was evidence tending
to support it, that Kahilina had a half-brother named Paulo,
and that Paulo died leaving several children of whom the plain-
tiff's mother was one. If that were so plaintiff would have in-
herited an interest in the lands.

The first point to be noticed is the contention made by the
defendants that, assuming the facts to be as claimed by the
plaintiff, she has not shown any right to or interest in the lands
in question. The contention now made is the same as that ad-
vanced by the defendants in the case of *Uuku* v. *Kaio,* ante,
567, namely, that the heirs of Paulo could not inherit, in view

of the provision contained in section 2513 of the Revised Laws, because, as it was claimed, the land came to Kahilina by gift from his wife, Ana Kini, and that the heirs of Paulo are not of the blood of Ana Kini. The argument of defendants' counsel received careful consideration in the case referred to, and as nothing new or different has been advanced in the way either of argument or authorities we do not feel disposed to consider the matter *de novo*. We are satisfied that the conclusion reached in the former case was correct.

Two of the plaintiff's exceptions relate to the refusal of the trial judge to give certain instructions requested by plaintiff. But those exceptions cannot be considered for the reason that the court's charge as a whole has not been made a part of the record. *Torson* v. *Beckley,* ante, 406, 409.

Exceptions 16 and 17 relate to the admission in evidence, over plaintiff's objections, of portions of the record of the circuit court of the fifth circuit—in probate—at chambers, in the matter of the estate of Isaac H. Kahilina, deceased, consisting of the order of notice of the petition of the administrator for the allowance of his accounts and discharge, affidavit of publication thereof, and the decree entered in said cause, "that all and singular the estate and property, real, personal and mixed, of said Isaac H. Kahilina be and the same hereby is awarded and distributed in equal parts and undivided moieties to Elizabeth Kaio and Rose Kaukaha Desha."

Referring to that evidence the trial judge instructed the jury as follows: "In bearing upon the truth or falsity of the claim made by the plaintiff in this case, you may take into consideration the decree of heirship heretofore rendered by the court in probate proceedings as well as the notice published requesting all persons claiming as heirs of said Isaac Kahilina to appear before the court and submit their claim. If you believe, from the evidence, that the plaintiff was of age at the time of publication of such notice and the signing of such de-

cree of heirship and knew that proceedings of this nature were being had before the court, you may consider the failure of said plaintiff to then present her claim as bearing upon the validity or invalidity thereof." Plaintiff excepted to the giving of that instruction. Here, we find reversible error. It has been decided that the plaintiff in an action of ejectment is not bound by the adjudication of heirship made with reference to personal property in probate proceedings in which neither he nor his grantors were parties. *Mossman* v. *Hawaiian Government,* 10 Haw. 421. The notice referred to recited that the administrator charged himself with the sum of $1,490.80; asked to be allowed the sum of $1,452.74, that his accounts be approved, and that a final order be made distributing the remaining property; and notified all persons interested to appear and show cause why the petition should not be granted, and to present evidence as to who were entitled to said property. It did not purport to be a proceeding affecting real estate. It was simply the usual form of notice used in this Territory on the filing of an administrator's final accounts upon his petition for discharge. There is no evidence in the record tending to show that the plaintiff had actual notice of the proceeding referred to, but even if there had been such evidence the plaintiff might have declined or neglected to present a claim to share in the distribution of the personal property without waiving any claim she might have had in or to the real estate of the decedent. In other words, if the plaintiff was entitled to an interest in the lands in question as an heir of Isaac Kahilina her failure to present a claim to the personal property in the probate proceeding did not affect or prejudice her title to the land. The evidence referred to was improperly admitted and the instruction given the jury with reference to that evidence was prejudicial to plaintiff's case. The exceptions relating thereto are sustained.

We deem it unnecessary to pass upon the remaining exceptions.

The verdict is set aside and a new trial ordered.

*S. K. Kaeo* for plaintiff.

*M. F. Prosser* (*Kinney, Prosser, Anderson & Marx* on the brief) for defendants.