THOMAS HOLSTEIN *v.* PAUL H. BENEDICT, ADMINISTRATOR OF THE ESTATE OF KELUPE SILVA, DECEASED.

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.

HON. W. S. EDINGS, JUDGE.

SUBMITTED JANUARY 18, 1915.                    DECIDED JANUARY 22, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*instructions—record on exceptions.*
    The general rule applied, that on exceptions to instructions given or requests therefor refused, the charge given to the jury should be in the record
SAME—*writ of error—questions reviewable.*
    Only errors of law apparent on the record are reviewable on error. Facts which do not appear in the record may not be brought to the attention of the supreme court by means of exhibits attached to briefs of counsel.

CONTRACTS—*maintenance and services—members of family.*

Where maintenance and services are rendered between relatives living together as one household there is a presumption that they were intended to be gratuitous. In order to recover therefor the plaintiff must overcome this presumption by proving affirmatively either an express contract for remuneration or circumstances showing a mutual understanding or expectation between the parties that there would be compensation.

EVIDENCE—*scintilla—verdict.*

To amount to more than a scintilla the evidence must be of a character sufficiently substantial, in view of all the circumstances of the case, to warrant the jury, as triers of the facts, in finding from it the fact to establish which the evidence was introduced.

OPINION OF THE COURT BY ROBERTSON, C.J.

The defendant in error recovered judgment in the circuit court of the second circuit for the sum of $158, and costs and attorney's fees, against the plaintiff in error in an action of assumpsit for maintenance and support furnished and services rendered, as it was alleged, to one Kelupe Silva, since deceased, of whose estate the plaintiff in error was the administrator.

Three of the assignments of error relate to the giving or refusing of certain instructions. These cannot be considered for the reason that the court's charge to the jury is not in the record. *Kaupena* v. *Kaio,* 20 Haw. 653, 655.

Another assignment questions the validity of the judgment on the ground that after verdict, but before judgment was entered, Benedict had been discharged as administrator and one Lufkin appointed in his place. It does not appear that those facts were brought to the attention of the court below. Counsel for the plaintiff in error has attempted to bring them before this court by attaching to his brief a certified copy of an order approving the accounts of Benedict, discharging him, and appointing Lufkin in his place. Facts which do not appear in the record may not be laid before this court in any such manner upon the expectation that they will be considered. Only errors of law apparent on the record are reviewable on error. *Vierra* v. *Hackfeld,* 8 Haw. 436; R. L. Sec. 1871. The action

of counsel in attaching a copy of the order mentioned to his brief is disapproved.

The principal assignments of error go to the merits of the case and raise the question whether the verdict was supported by the evidence. Undisputed testimony showed that on the day of the death of her husband, June 13, 1912, Kelupe Silva went to the home of Thomas Holstein at Waikapu, Maui, and continued to live there until November 18, 1912; that Mrs. Silva was an elderly woman and suffered from asthma; and that she was the grand-aunt by marriage of Mrs. Holstein, plaintiff's wife. The plaintiff's claim was for one dollar a day as the reasonable value of the food and attendance furnished to Mrs. Silva by the plaintiff and his wife during the period stated. The plaintiff testified that he took care of Mrs. Silva believing that he would be paid by her in some way, though there was no promise on her part to pay any sum, and he never informed her that he intended to charge her anything. There was no evidence of any conversation between the plaintiff and Mrs. Silva with reference to her living at his home. Against the objection of the defendant the wife of the plaintiff testified to a conversation she had had with Mrs. Silva, as follows: "After she had lived with us a couple of months, one day I spoke to her: 'Perhaps it may be well for you to return to your own house now, we go and fix your house,' and she said, 'I hope you will be kind enough to let me stay with you—you will be paid some day.'" We may assume that the evidence was admissible either as part of the *res gestae* or as a declaration against interest, and that, if there was anything else in the case to support the plaintiff's claim, it might be regarded as of some probative force. But the question arises whether that testimony standing alone constitutes more than a mere scintilla of evidence to support the verdict, there being nothing else in the case to meet the principles of law applicable to cases of this kind. Those principles are stated in 15 A. & E. Enc. Law, 1083, et seq., thus: "Ordi-

narily where services are rendered and voluntarily accepted, the law will imply a promise on the part of the recipient to pay for them; but where the services are rendered to each other by members of a family living as one household, there will be no such implication from the mere rendition and acceptance of the services. On the contrary, the presumption is that the services are intended to be gratuitous. and in order to recover therefor the plaintiff must affirmatively show either that an express contract for remuneration existed or that the circumstances under which the services were rendered were such as exhibit a reasonable and proper expectation that there would be compensation. The reason for this is that the household family relationship is presumed to abound in reciprocal acts of kindness and good will which tend to mutual comfort and convenience of the family; and the rule stated applies not only to members of a family who are related by blood, but to those distantly related, and to those who are in fact not related at all, provided they live together as members of one family. The presumption that services rendered by one member of a family to another were gratuitous is not a conclusive one. It may be overcome by showing an express agreement for payment, or by showing circumstances which will support the implication that the services were to be paid for. The burden is, of course, on the person rendering the services to overcome the presumption which the law raises that such services were rendered gratuitously." The case of *Luka v. Fyfe,* 4 Haw. 569, is in point, and it was there pointed out that the rule is peculiarly applicable to the hospitable habits of the Hawaiians. Mrs. Silva was a Hawaiian, and the plaintiff is part Hawaiian.

The burden was upon the plaintiff to prove by more than a scintilla of evidence either an express agreement, or circumstances, beyond the fact that the services were rendered, showing a mutual understanding or expectation that payment would be made for the services. An express agreement was not claimed.

Did the statement of Mrs. Holstein constitute evidence from which a mutual understanding between the parties could reasonably be inferred? The cases are not in harmony on the point as to what constitutes a scintilla of evidence. "A mere scintilla of evidence, if it means anything, means the least particle of evidence—evidence which, without further evidence, is a mere trifle." *Offutt* v. *Columbian Exposition,* 175 Ill. 472, 476. "A scintilla of evidence is any material evidence which, taken as true, would tend to establish the issue in the mind of a reasonable juror." *Crosby* v. *Seaboard, etc., Ry.,* 61 S. E. (S. C.) 1064, 1067. "Evidence may go beyond a mere scintilla, and yet not be substantial." *Jenkins* v. *Cement Co.,* 147 Fed. 641, 643. This court has held that the expression "more than a scintilla of evidence" means "some substantial evidence." *Robinson* v. *Rapid Transit Co.,* 20 Haw. 466. For illustrations of the application of the rule that a judgment must be supported by more than a mere scintilla of evidence, see *Richards v. On Tai,* 19 Haw. 451, 458; *Tyler* v. *Wise,* 21 Haw. 148, 153; *Scott* v. *Hawaiian Tobacco Plant.,* 21 Haw. 493, 497. In *Smith* v. *Hamakua Mill Co.,* 14 Haw. 669, 677, the evidence which was held not to amount to more than a scintilla was described as "very slight" and "very unsatisfactory." Each case must turn upon its own circumstances, and we are not prepared to say that in every case where, in the opinion of the appellate court, the evidence in support of a claim was very slight and unsatisfactory it is to be regarded as an insufficient foundation for a verdict. To amount to more than a mere scintilla the evidence must be of a character sufficiently substantial, in view of all the circumstances of the case, to warrant the jury, as triers of the facts, in finding from it the fact to establish which the evidence was introduced. In the case at bar the plaintiff, to prove his case, was obliged to overcome a rebuttable presumption which the law raises in this class of cases. The statement made by Mrs. Silva after she had been living at the plaintiff's

home for two months, "I hope you will be kind enough to let me stay with you—you will be paid some day," was brought out by the suggestion of Mrs. Holstein that the time had come for Mrs. Silva to return to her own home. It clearly could not be construed as an admission that she had expected from the start to pay for the board and attendance rendered her, and, we think, could not reasonably be regarded as evidence of a mutual understanding between her and the plaintiff that she was to make compensation therefor from and after the time of the statement.

We are of the opinion that the verdict was not supported by more than a scintilla of evidence, and that it must be vacated. The case is remanded to the circuit court with instructions to set aside the judgment, to grant the defendant's motion for a non-suit, and to enter judgment thereupon for the defendant.

*Enos Vincent* for plaintiff in error.

*E. R. Bevins* for defendant in error.