CLAUDE JENDRUSCH *v.* GRANVILLE ABBOTT AND CARL ABBOTT.

NO. 2765.

ARGUED JULY 10, 1952.    DECIDED SEPTEMBER 9, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an action in tort for compensatory and punitive damages in the total sum of $100,000, half of which is for compensatory damages and the other half for punitive damages. It involves personal injuries of the plaintiff suffered at the hands of two brothers, the defendants, in an alleged assault and battery without justification or excuse. At the close of trial, the trial judge, over objection of the defendants, instructed the jury "that under the evidence presented here, the defendants had no justification in law for the forcible ejection of the person of the plaintiff from the premises in question, and on the evidence as presented the allegations of assault and battery on the person of the plaintiff have been proven." On submission of the issues of damages the jury rendered a verdict in favor of the plaintiff and assessed damages against the defendants in the total sum of $21,000, of which $20,000 is for compensatory dam-

ages and but $1,000 for punitive damages. With respect to compensatory damages the verdict, however, broke the sum of $20,000 for it into three sums, *i. e.*, $8,000 as general damages, $2,000 as special damages and $10,000 as damages for loss of future earnings. The defendants prosecute exceptions to this court.

The bill of exceptions contains twenty exceptions, all of which are relied upon as alleged errors in a specification. The specification of alleged errors, however, presents but three questions of law meriting consideration. The first is whether there was sufficient evidence of plaintiff's loss of future earnings or impairment of earning capacity to submit the issue thereof to the jury, and if so, whether that evidence is sufficient to support the verdict in assessing damages for such loss or impairment in the sum of $10,000. The second is whether it was prejudicial or reversible error to admit evidence as to the wealth or financial standing of the defendants and to instruct the jury that they may consider such evidence in assessing punitive damages. The third is whether it was error to have instructed the jury that the issue of forcible ejection by an assault and battery without justification or excuse, as alleged in the complaint, had been proved by the evidence.

As to the first question, the defendants contend that the evidence as to earning capacity, and hence as to impaired earning capacity, is insufficient on the ground that prior earnings were not proved with reasonable certainty but left to mere conjecture. The plaintiff testified that before being injured he had earned between $150 and $200 a month in a private business of buying, making and selling colored motion picture film as sole operator independently from his regular employment as a hotel security officer. He detailed his expenses and stated his gross income which fixed the average net earnings in his business at $211.26 a month for a period of two years. Although he admittedly

kept books and "all the required records," the plaintiff did not produce them but testified from his own knowledge and memory without objection from the defendants. Nor did the defendants call upon him to produce those books or records, even though he informed them that such books or records were located at a certain address within the city. Nevertheless, the plaintiff did produce his tax returns which substantiated his testimony as to gross income. The absence of other substantiating documentary evidence constitutes the crux of contention made by the defendants in challenge of the quantum of proof as to prior earnings. That contention is untenable. Prior earnings were proved with reasonable certainty by the certain and explicit testimony of the plaintiff, which withstood the test of cross examination and stands uncontroverted. Such testimony is based on actual knowledge at first hand and constitutes substantial and direct evidence of prior earnings. That it is not fully substantiated by documentary evidence goes to its weight but not to its sufficiency. Even had it not been partially so substantiated, the plaintiff's testimony of itself would have sufficed to put the jury in the position from which it could readily determine net earnings without having to engage in any conjecture.

At this juncture it is pertinent to note that evidence of prior earnings is but one of many factors bearing upon the value of impaired earning capacity resulting from a permanent injury and that such value is the ultimate fact for the jury to determine. Nor need evidence as to any one of those factors be clear and indubitable to entitle it to go to the jury and the law exacts only the kind of proof of which the nature of the case is susceptible. (See *Coney v. Lihue Plantation Co., Ltd.,* 39 Haw. 129.) Such factors include the nature and extent of permanent injury, the degree of the mental or physical handicap resulting from that injury, the age and life expectancy of the victim, the

extent to which his ability to work has been affected, his prior earnings, his occupation, health and condition and the intellectual and physical avenues of occupation open to him. (See *Johnson* v. *Terminal Railroad Assn. of St. Louis*, 354 Mo. 800, 191 S. W. [2d] 676; *McIver* v. *Gloria*, 140 Tex. 566, 169 S. W. [2d] 710; *Hrabak* v. *Hummel*, 55 F. Supp. 775, 779, *aff'd* 143 F. [2d] 594; 25 C. J. S. 619, § 87; 4 Sutherland, *Damages* [4th ed.] § 1248, pp. 4711, 4727.) All those factors were established by substantial evidence and placed the determination of damages beyond the plane of mere conjecture. They thus laid a proper foundation on which to enable the jury, as the trier of fact, to make a fair and reasonable estimate of the value of the plaintiff's loss of future earnings or impairment of earning capacity. Such an estimate was, in the opinion of this court, made by the jury in assessing damages for that loss or impairment. The first question is therefore answered in the affirmative.

As to the second question, the defendants contend that evidence of their wealth is inadmissible under all the authorities. In support thereof, they cite the majority rule that where more than one tortfeasor is sued for damages the wealth or financial standing of one or more of the defendants is not a proper matter for consideration by the jury in assessing punitive damages. The theory underlying that rule appears to be that consideration of the individual wealth of one or more defendants would result in an unjust punishment and burden being imposed on defendants less able to pay where they are all liable jointly. (See the leading case of *Washington Gas Light Co.* v. *Lansden*, 172 U. S. 534. For collection of authorities see Annotation, 63 A. L. R. 1405.) On the other hand, the plaintiff points to the minority rule that where more than one tortfeasor is sued for damages, the wealth or financial standing of one or more of the defendants is a proper

matter for consideration by the jury in assessing punitive damages. The theory underlying that rule appears to be that, if evidence of wealth or financial standing of one or more joint tortfeasors were inadmissible, a wealthy defendant, who was principally implicated in the wrong, might escape the payment of just and reasonable damages by having others, without character or property, associated in the unlawful act. (See the leading case of *Bell* v. *Morrison*, 27 Miss. 68. For collection of authorities see Annotation, *supra*, 1408.) Apparently, the admission of evidence as to the wealth of the defendants was proper under the minority rule and improper under the majority rule. But that does not necessarily mean that, if the majority rule be applicable, the error of admission would be prejudicial. The assessment of punitive damages in this case is extremely modest in amount when the vicious and brutal nature of the assault by the defendants is considered. Such an assault would have warranted a much greater assessment of punitive damages had the jury made one and had there been no evidence as to the wealth of the defendants. It therefore cannot be said with reason that the jury, in arriving at such a modest assessment of punitive damages, was influenced by the greater wealth of one defendant to the prejudice of the other. Nor will the defendant of lesser wealth be prejudiced if the verdict is allowed to stand. Indeed, the verdict as to punitive damages favors both defendants under all the facts and circumstances of their vicious and brutal assault. Upon this state of the record, it is not a matter of one defendant being unjustly mulcted in punitive damages because of the greater wealth of the other but a matter of two comparatively wealthy defendants each being leniently punished for their joint tort. Thus, no error whatsoever was committed against the defendants under the minority rule and none of a prejudicial character under the majority. Consequently, this court is

not required to adopt one rule in preference to the other as the law in this jurisdiction in order to say that the second question is answered in the negative.

As to the third and final question, the defendants contend that there is more than a mere scintilla of evidence to support a verdict in favor of the defendants on the issue of an assault and battery without justification or excuse. "To amount to more than a mere scintilla the evidence must be of a character sufficiently substantial, in view of all the circumstances of the case, to warrant the jury, as triers of the facts, in finding from it the fact to establish which the evidence was introduced" or, in this case, to find that the defendants used reasonable force to eject the plaintiff and did not assault and batter him without justification or excuse. (*Holstein* v. *Benedict,* 22 Haw. 441, 445.) The evidence relied upon by the defendants as constituting more than a mere scintilla of evidence is that of their denials that they struck and beat the plaintiff and of their assertions that they used a reasonable amount of force to eject him from their hotel rooms as an intruder, concerning which one of their witnesses testified that they "gently" pushed him out of the door but one of the defendants testified that "we pushed him very solidly" and that "he went sailing out of the door." The circumstances of the case, however, are that the plaintiff at the time was employed as a security officer of the hotel and had authority to enter the hotel rooms of the defendants, not only by virtue of his employment on direction of the hotel desk clerk at the instance of a complaint by a hotel guest, but by virtue of a request from the defendants who knew or should have known his status as a security officer acting in the course of duty; that the defendants, who admittedly had been drinking intoxicating liquor, used such force against the plaintiff that it indicated nothing short of a most vicious and atrocious beating which bruised and lacerated the

plaintiff from head to foot and left him with several fractured bones and with such severe fractures in his right elbow that he was injured for life. Nor does the evidence relied upon by the defendants reasonably tend to prove that those injuries resulted from any intervening cause or force other than that which they admittedly administered to the person of the plaintiff. These circumstances as established by the undisputed evidence and by the reasonable inferences to be drawn therefrom not only nullify the evidence relied upon by the defendants so as to render it of no substance and contrary to all reasonable probabilities but corroborate fully the testimony of the plaintiff that the assault was premeditated and that he was brutally beaten with closed fists and shod feet by the defendants, who had no provocation and showed no mercy but continued to so beat him while he lay helpless after they had hurled him upon a cement sidewalk from the front porch over a flight of stairs. In view of all the circumstances of the case, therefore, the evidence relied upon by the defendants amounts to nothing more than a mere scintilla and is obviously not of a character sufficiently substantial to have warranted a finding by the jury that the defendants employed reasonable force and did not commit an unjustified and inexcusable assault and battery upon the person of the plaintiff. Indeed, it was the duty of the trial judge to peremptorily instruct the jury as he did. The third question is answered in the negative.

Exceptions overruled.

*T. M. Waddoups* (*Robertson, Castle & Anthony* and *R. L. Forbes* on the brief) for appellants.

*R. D. Welsh* (*John F. Alexander* with him on the brief) for appellee.