CORPS CONSTRUCTION, LTD., Plaintiff-Appellee, *v.* HARRY HASEGAWA, Defendant-Appellant.

NO. 5441

MAY 22, 1974

RICHARDSON, C.J., LEVINSON,
KOBAYASHI, OGATA and MENOR, JJ.

OPINION OF THE COURT BY LEVINSON, J.

The plaintiff brought suit in the District Court of the Third Circuit, North and South Kona Division, against Harry Hasegawa and Harold J. Enos. The complaint alleged that the plaintiff "performed excavation work pursuant to a request from defendant Hasegawa for defendant Enos" and that neither defendant had paid for this work. Damages were claimed at the fair and reasonable value of the work performed, assertedly $479.69.

At trial the plaintiff proved by its witness Warren Matsumoto that in the latter part of January, 1971, Matsumoto was working for the plaintiff as a heavy equipment operator. Matsumoto testified that during this period he was contacted by Hasegawa, a real estate agent, who instructed him to take his equipment to a certain site and grade three parcels of land to prepare them for house construction. Matsumoto understood, according to his testimony, that the work was to be performed for Enos, also a real estate agent, and for "Mr. Wong," a Honolulu businessman. He knew as well that Hasegawa did not request the work for himself, personally, but rather as an "in-between man" for Enos and Wong. According to Matsumoto, Hasegawa gave instructions to bill the work to Enos Realty, a trade name under which Enos did business. After securing approval of the work order from his superior, Matsumoto testified, he commenced grading the lots. He also testified that Enos and Wong were present at the grading and gave him instructions on the manner in which they wanted the work to proceed.

Ed Testerman, a contractor employed by the plaintiff, testified for the plaintiff after Matsumoto. He stated that pursuant to Matsumoto's work report, the plaintiff billed Enos Realty for the cost of the grading. Between February and August of 1971, according to Testerman, Enos Realty was billed on six occasions — each evoking no response. Finally, Testerman testified, he spoke with Enos about the unpaid bill, whereupon the latter instructed him to rebill the work to Robert Wong. This the plaintiff did, addressing future bills to Robert Wong, care of Enos Realty. No payment

was forthcoming, however, and the plaintiff instituted the present action against Enos and Hasegawa to recover the reasonable value of its work. Wong was not joined as a defendant in the suit.

At the close of the plaintiff's case, the trial court dismissed the action against Enos, stating that "there is no evidence to show that Mr. Enos assumed any responsibility for this particular case." The plaintiff has never sought to appeal this dismissal. Also at the close of the plaintiff's case, Hasegawa moved to dismiss the action against him. This motion the trial court denied; reasoning that the evidence adduced thus far showed that Hasegawa "induced Mr. Matsumoto to go on this job," and that "whether [Hasegawa] was doing it for somebody else or himself, it doesn't matter." Following the presentation of evidence by Hasegawa, the trial court held him liable for the damages claimed by the plaintiff. We reverse.

The law applicable to this case is fundamental. In the terminology of RESTATEMENT (SECOND) OF AGENCY § 320 (1958):

> Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract.

*Accord, Richardson v. Harding,* 2 Haw. 433, 435 (1861); M. FERSON, PRINCIPLES OF AGENCY § 283 (1954); 2 S. WILLISTON, A TREATISE ON THE LAW OF CONTRACTS § 281, at 312 (3d ed. 1959). The plaintiff alleged in its complaint and adduced evidence at trial that Hasegawa requested the excavation work *on behalf of* Enos and Wong. Given the unambiguous form of Hasegawa's request, the plaintiff's work in compliance at best gave rise to a contract, implied in fact, with Enos and Wong. *See, e.g., Holstein v. Benedict,* 22 Haw. 441, 443-44 (1915) ("Ordinarily where services are rendered and voluntarily accepted, the law will imply a promise on the part of the recipient to pay for them"). Compare *Ferreira v. Honolulu Star-Bulletin, Ltd.,* 44 Haw. 567, 570-71, 356 P.2d 651, 654, *reh. denied,* 44 Haw. 581, 357 P.2d 112 (1960); RESTATEMENT OF CONTRACTS § 5, illustration 1 (1932). On the basis of the facts shown by the plaintiff, Hasegawa would be

liable personally only if he had lacked the authority as agent to bind his disclosed principals Enos and Wong. Even then Hasegawa would not be liable on the contract, but rather for breach of an implied warranty of authority. *See* RESTATEMENT (SECOND) OF AGENCY § 329 (1958).

Yet the plaintiff has failed to allege in its complaint or prove at trial that Hasegawa lacked authority from Enos and Wong to request the services which the plaintiff performed. Certainly the neglect of Enos and Wong to pay for the plaintiff's work does not prove Hasegawa's non-authority, for an agent contracting within his authority on behalf of a competent, disclosed principal does not become liable for the contract's non-performance merely because his principal cannot or will not perform. *Id.* § 328, comment *a*. Since the plaintiff's allegations and proof show unqualifiedly that Hasegawa acted as an agent for disclosed principals in ordering the excavation work, the plaintiff had the burden of proving Hasegawa's lack of authority if it sought to hold him personally liable. *Cf. id.* § 320, comment *b*. Because the plaintiff adduced no such proof, the trial court erred in denying Hasegawa's motion to dismiss at the close of the plaintiff's case.

Reversed.

*Boyce R. Brown, Jr. (Mattoch, Kemper & Brown* of counsel) for defendant-appellant.

*E. D. Crumpacker (Crumpacker & Jinks* of counsel) for plaintiff-appellee.