## TECHRITE COPY SERVICES, INC., Plaintiff,

v.

Civil Action No. 3:96–CV–0992–P.

United States District Court, N.D. Texas, Dallas Division.

June 30, 1997.

---

Jerome Howard Ferguson, III, Deborah Overton Bonner, Ferguson & Burns, Dallas, TX, for plaintiff.

Jose Luis Gonzalez, David Mace Roberts, Marcos G. Ronquillo, Ronquillo Law Firm, Dallas, TX, for defendant.

Carol Lynn Wolfram, McGary & Wolfram, Dallas, TX, for Orenstein & Simmons P.C.

Janice S. Parker, Dallas, TX, pro se.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Now before the Court are:

1. Orenstein & Simmons, P.C.'s and Janice S. Parker's Joint Motion for Summary Judgment, filed March 17, 1997;

2. Orenstein & Simmons, P.C.'s and Janice S. Parker's Brief in Support of Motion for Summary Judgment, filed March 17, 1997;

3. Plaintiff's Response to Orenstein & Simmons, P.C.'s and Janice S. Parker's Motion for Summary Judgment and Supporting Brief, filed April 9,1997;

4. Orenstein & Simmons, P.C.'s and Janice S. Parker's Reply to Plaintiff's Response to Joint Motion for Summary Judgment and Brief in Support, filed April 28, 1997;

5. Orenstein & Simmons, P.C. and Janice Parker's Objections to Plaintiff's Response Evidence to Their Motion for Summary Judgment, filed April 28, 1997;

6. Orenstein & Simmons, P.C. and Janice Parker's Motion for Leave to Submit Additional Summary Judgment Evidence and to Supplement their Joint Motion for Summary Judgment, filed April 28, 1997;

7. Orenstein & Simmons, P.C.'s and Janice S. Parker's Motion to Supplement the Summary Judgment Record, filed June 9, 1997.

## BACKGROUND

This case involves a breach of contract action. Techrite Copy Services, Inc. ("Plaintiff") claims that it entered into a contract

("the Agreement") with Janice S. Parker, an attorney acting as representative of the law firm Orenstein & Simmons, P.C., which was, in turn, acting as counsel of the Resolution Trust Corporation ("RTC"). Pursuant to the Agreement, Plaintiff was to provide warehouse space for a group of boxes associated with an RTC lawsuit and was to provide copy services for certain law firms identified in the Agreement. Plaintiff maintains that, although it provided the services specified in the Agreement, it was not paid the sums owed it. Plaintiff is, therefore, suing Janice S. Parker and Orenstein & Simmons, P.C. ("Defendants") for breach of contract, breach of implied warranty of authority, and fraud, and is asking for $2,709,670.12 in damages plus exemplary damages.[1]

Defendants have filed a joint motion for summary judgment seeking a dismissal of Plaintiff's claims against them. The Court has thoroughly considered said motion, the briefing, and the record in this matter and concludes, for the reasons stated herein, that said motion has merit and should be granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *Thomas v. Harris County*, 784 F.2d 648, 651 (5th Cir.1986). All evidence and the inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1123 (5th Cir.1979). The party defending against a motion for summary judgment cannot defeat the motion unless he provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57,

106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *Anderson*, 477 U.S. at 248–50, 106 S.Ct. at 2510–11; *Abbott v. Equity Group Inc.*, 2 F.3d 613, 619 (5th Cir.1993). In other words, conclusory statements unsupported by evidentiary facts will not suffice to defeat a motion for summary judgment. *Falls Riverway Realty, Inc., v. City of Niagara Falls, N.Y.*, 754 F.2d 49 (2d Cir.1985). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he will bear the burden of proof at trial, summary judgment must be granted. *Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

Finally, the Court has no duty to search the record for triable issues. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir.1992). The Court need only rely on the portions of submitted documents to which the nonmoving party directs the Court. *Id.*

## ANALYSIS

Defendants filed the present summary judgment motion on March 17, 1997, while their original motions to dismiss, filed January 24, 1997, were still pending before the Court. By order dated March 31, 1997, the Court conditionally denied Defendants' motions to dismiss and permitted Plaintiff to amend its complaint to allege a claim for breach of implied warranty of authority. Defendants' initial summary judgment motion basically reiterates the arguments set forth in Defendants' motions to dismiss.

That is, one, Defendants contend that the Agreement conclusively establishes and

---

1. Plaintiff is also suing the Federal Deposit Insurance Corporation ("FDIC") as successor to RTC, but FDIC is not involved in the present motion.

Plaintiff has unequivocally admitted that Defendants signed the Agreement as disclosed agents for RTC; and Defendants argue that when an agent contracts for the benefit of a disclosed principal, the agent is not liable on the contract he makes. (*See* Defs.' Br. Supp. Mot. Summ. J. at 6–9.) Two, Defendants argue that, because Defendants' agency relationship has been conclusively established, Plaintiff cannot establish privity, an essential element of Plaintiff's breach of contract claim against them. *Id.* at 9. Finally, as an alternative basis for summary judgment, Defendants contend that the record conclusively establishes that Plaintiff has received and accepted payment in full of all amounts owing under the Agreement through the termination of the Agreement; accordingly, Defendants claim that they have proved, as a matter of law, the affirmative defense to Plaintiff's contract claim against them of payment. *Id.* at 10–12.

Plaintiff filed its response to Defendants' summary judgment motion on April 9, 1997, the same day that Plaintiff filed its Second Amended Complaint pursuant to the Court's March 31, 1997, order.[2] In its response, Plaintiff fends off summary judgment by arguing that it has a breach of implied warranty of authority claim against Defendants. (*See* Pl.'s Resp. at 7–8.) Plaintiff alleged this cause of action for the first time in its Second Amended Complaint, which was filed on the same day that Plaintiff filed its response. Plaintiff asserts that a fact issue exists as to the authority in which Defendants were representing RTC with regard to the Agreement—i.e., as to whether Defendants had the requisite authority to bind RTC/FDIC to the Agreement or to supplemental agreements. Plaintiff argues that Defendants can be held individually liable if they purported to act as agents but had no authority to do so, and Plaintiff asserts that, because FDIC has failed, in this instance, to admit or deny Defendants' authority to act as RTC's agent, a fact issue exists as to Plaintiff's breach of implied warranty of authority claim.

Plaintiff also argues in its response that the Agreement is not the only contract between the parties that is involved in this suit. Plaintiff contends that, following the execution of the Agreement, several oral agreements were made; and services were performed pursuant to these oral agreements. Plaintiff argues that there were implied contracts between the parties as to these oral agreements and appears to contend that Defendants contracted in their individual capacities and not as agents. Plaintiff suggests that whether there were other, implied contracts presents a question of fact. *See id.* at 8–10.

Finally, Plaintiff responds to Defendants' affirmative defense of payment with the argument that Plaintiff's damages stem not only from the breach of the Agreement but also from the breach of the subsequent oral agreements. Plaintiff contends that there is a fact issue as to these damages. *Id.,* at 10.

In their reply, Defendants argue that, although Plaintiff claims that a fact issue exists as to its breach of implied warranty of authority claim, Plaintiff has failed to submit any evidence to support such a claim. Moreover, Defendants present evidence to refute Plaintiff's contention that Defendants contracted as agents without authority to do so; that is, Defendants submit the affidavit of Carolyn Perry, former in-house counsel to RTC, who states that Defendants had actual authority to negotiate, execute and terminate the Agreement on behalf of RTC.[3]

2. Plaintiff argues that Defendants' summary judgment motion is improper at this time because Defendants have either not filed an answer in this matter or have filed an answer subject to their respective motions to dismiss. (*See* Pl.'s Resp. at 2.) However, the Court denied Defendants' motions to dismiss before Plaintiff even filed its response to Defendants' summary judgment motion. Accordingly, Defendants' answer is no longer filed subject to those motions; and the Court sees no reason why Defendants' motion for summary judgment should be deemed improper. *See also* Fed.R.Civ.P. 56(b) ("A party

against whom a claim ... is asserted ... may, at any time, move ... for a summary judgment in the party's favor as to all or any part thereof.")

3. Defendants did not include Perry's affidavit with their summary judgment motion. Consequently, Defendants filed, in conjunction with their reply, a motion for leave to submit Perry's affidavit as additional summary judgment evidence. (*See* Defs.' Mot. Leave at 3–4.) Plaintiff never responded to Defendants' motion for leave; moreover, the Court finds that Perry's affidavit directly responds to the arguments made in

Defendants also take issue with Plaintiff's fraud claim, arguing that "Plaintiff has failed wholly to establish a material fact issue necessary to establish a single required element of fraud." (Defs.' Reply at 9.)[4] That is, Defendants contend that there is no evidence to establish any of the elements constituting fraud.

The Court wholly agrees with Defendants and concludes, for the following reasons, that the present motion for summary judgment is well taken and should be granted in its entirety; Plaintiff has failed to come forward with any evidentiary support for the claims it has brought against Defendants, and, accordingly, Defendants are entitled to judgment on these claims as a matter of law.

In its response, Plaintiff relies on its breach of implied warranty of authority claim as its basis for opposing summary judgment. That is, Plaintiff maintains that summary judgment is inappropriate because Defendants can still be found individually liable, even though they disclosed that they were contracting as agents for a principal, if it can be shown that they did not have the actual authority to contract on their principal's behalf. Plaintiff contends that a fact issue exists as to whether Defendants had the authority to act as RTC's agent.

■ To plead a cause of action for breach of implied warranty of authority, a party must allege that "(1) a person acted as an agent without authority from his principal and (2) the complaining party relied on such authority." *Hur v. City of Mesquite,* 893 S.W.2d 227, 233 (Tex.App.—Amarillo 1995, writ denied). The party bringing the claim for breach of implied warranty of authority has the burden of proving the agent's lack of authority. *See Corps Constr., Ltd. v. Hasegawa,* 55 Haw. 474, 522 P.2d 694, 695–96 (1974). Plaintiff has opposed Defendants' summary judgment motion on the basis that it has a claim against Defendants for breach of implied warranty of authority. An essential element of this claim is that Defendants acted as RTC's agents without authority from the RTC. Yet, Plaintiff has produced no evidence to support this element of its claim. The only "proof" of Defendants' lack of authority that Plaintiff has produced is FDIC's responses to Plaintiff's Requests for Admissions, but these responses are practically meaningless.

■ Plaintiff attempted with its Requests for Admissions to obtain information about whether Defendants had actual authority to enter into the Agreement on RTC's behalf. FDIC responded to Plaintiff's requests, however, by objecting to the requests and stating that, after reasonable inquiry, it was without sufficient knowledge or information to admit or deny the requests. (*See* Pl.'s Resp. Ex. E.) Plaintiff seeks to use these responses as evidence that Defendants acted without au-

---

Plaintiff's response to Defendants' summary judgment motion. Accordingly, the Court grants Defendants' motion for leave to submit additional summary judgment evidence and will consider this evidence in deciding the present motion.

4. Defendants have filed a motion for leave to supplement their motion for summary judgment. (*See* Defs.' Mot. Leave at 2–3.) Defendants emphasize that they filed their summary judgment motion before Plaintiff amended its complaint to allege causes of action for breach of implied warranty of authority, breach of contract as to alleged oral agreements, and fraud. Defendants contend that these newly-raised causes of action in Plaintiff's Second Amended Complaint are ripe for summary judgment, and they wish to address these new causes of action in their present summary judgment motion as part of their reply. Accordingly, Defendants "request that this Court grant leave for consideration of ... additional briefing on the issues raised in Plaintiff's Second Amended Complaint as supplemen-

tation to the summary judgment record." *Id.* at 3. Plaintiff has failed to respond to Defendants' motion for leave; nor has Plaintiff requested leave to file a surreply to respond to any of the newly-raised arguments in Defendants' reply. The Court believes that it is proper for Defendants to address Plaintiff's claims for breach of implied warranty of authority and breach of subsequent oral agreements in Defendants' reply since Plaintiff raised these issues in its response to Defendants' summary judgment motion. Plaintiff did not, however, raise its cause of action for fraud in its response. Nevertheless, the Court will consider Plaintiff's fraud cause of action as part of Defendants' summary judgment motion since Plaintiff has not objected to Defendants having raised this issue in their reply, and, as the Court's discussion infra explains, Plaintiff's fraud claim is intertwined with Plaintiff's breach of implied warranty of authority claim. Accordingly, Defendants' motion for leave to supplement is granted.

thority. (*See* Pl.'s Resp. at 7–8.) However, the Court does not believe that FDIC's responses constitute any proof that Defendants were acting without authority. FDIC's answers merely mean that the information known or readily obtainable was insufficient to enable FDIC to admit or deny Plaintiff's requests regarding Defendants' authority. *See* Fed.R.Civ.P. 36(a).

■ Even if one were to accept the argument (which Plaintiff has not made) that FDIC's responses provide some evidence that Defendants lacked authority because FDIC would have found some indicia of Defendants' authority if such authority had existed, the Court finds that this evidence is insufficient to create an issue of fact as to whether Defendants lacked authority in light of Carolyn Perry's affidavit. Perry's affidavit provides strong proof that Defendants had actual authority to act as RTC's agents when they entered into the Agreement.

Perry was the RTC Professional Liability Section attorney who supervised the RTC litigation that was the basis for the Agreement between the parties. Perry states in her affidavit:

> After obtaining concurrence of other outside counsel and approval from RTC, I authorized Orenstein, through its attorney Janice Parker, to negotiate the terms of the agreement between Techrite and RTC as Receiver for Bright Banc Savings.... Orenstein & Simmons, through its attorney Janice Parker, had authority to enter into and to terminate the Techrite Pricing and Usage Agreement for the RTC.

(Defs.' Mot. Leave Perry Aff. at 2.)

The Court believes that Perry's affidavit clearly indicates that Defendants had actual authority to enter into the Agreement with Plaintiff as RTC's agents. Furthermore,

Perry's affidavit strongly suggests that any subsequent "oral agreements" between Plaintiff and Defendants which further defined or modified the terms of the Agreement were also authorized by RTC. Plaintiff has not come forward with any persuasive evidence to indicate otherwise. Accordingly, Plaintiff has failed to raise an issue of fact regarding Defendants' authority. *See Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir.1990) ("A mere scintilla of evidence will not defeat a motion for summary judgment; there must be sufficient evidence upon which 'a reasonable jury could return a verdict for the nonmoving party.'" (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510)). Since Plaintiff cannot prove Defendants' lack of authority, which is an essential element of Plaintiff's breach of implied warranty of authority claim, Defendants are entitled to summary judgment in this instance.[5]

The other arguments Plaintiff makes in response to Defendants' summary judgment motion also do not prevent summary judgment in this instance. The Court rejects Plaintiff's argument that there were other, implied contracts with Defendants in Defendants' individual capacities since Plaintiff has failed to allege such a cause of action in its complaint. Plaintiff's complaint does not allege a cause of action against Defendants for breach of contract on subsequent oral agreements. The complaint clearly alleges one agreement with, perhaps, some oral modifications to this agreement. Plaintiff's complaint makes clear that the one agreement was entered into by Defendants as agents for a disclosed principal. There are absolutely no direct allegations in the complaint that Defendants assumed personal liability on any aspects of the contract, and it is not reasonable to infer that modifications to the contract were made by Defendants in their

---

**5.** On June 9, 1997, Defendants filed a motion to supplement the summary judgment record to include FDIC's supplemental responses to Plaintiff's Requests for Admission. (*See* Defs.' Mot. Supplement at 2.) In its supplemental responses, FDIC admits that Defendants did, indeed, have authority to negotiate, execute and terminate the Agreement as agents for RTC. *See id.* Ex. A. Thus, it appears that Plaintiff actually has no evidence to support its contention that Defendants contracted without authority. In addition,

Defendants' evidence that they possessed actual authority is overwhelming. Defendants indicate in their motion to supplement that Plaintiff opposes the motion. As the above discussion suggests, the Court does not even require this supplemental evidence to find that there is no issue of fact as to whether Defendants possessed authority to contract as RTC's agents. For the foregoing reasons, Defendants' motion to supplement is denied as moot.

individual, rather than their representative, capacities. Furthermore, the allegations in the complaint clearly base Defendants' liability—as to all potential contracts—on a breach of implied warranty of authority theory. The complaint does not even suggest that Defendants are liable because they contracted in their individual capacities. (*See* Pl.'s Second Am. Compl. ¶ 16.)

Also, Plaintiff's argument regarding damages is irrelevant because Plaintiff has shown no basis for finding Defendants liable for these damages.

Finally, the Court finds that Defendants are also entitled to summary judgment as to Plaintiff's fraud claim. Plaintiff's fraud claim is based on allegations that Defendants falsely represented that they had authority to contract as RTC's agents. (*See* Pl.'s Resp. Opp'n Defs.' First Am. Mot. Dismiss at 9–10.) Yet, Plaintiff has not been able to produce any evidence on summary judgment that Defendants lacked such authority. Hence, Plaintiff cannot prove that Defendants made a false representation for purposes of proving fraud. *See Norman v. Apache Corp.,* 19 F.3d 1017, 1022 (5th Cir.1994) (stating that a cause of action for fraud under Texas law requires that a material representation was made and that the representation was false).

### CONCLUSION

For the foregoing reasons, Orenstein & Simmons, P.C.'s and Janice S. Parker's Joint Motion for Summary Judgment is, hereby, **GRANTED**. Plaintiff no longer has any claims pending against Defendants in this matter.[6]

---

**6.** *Defendants have requested attorney's fees but have not briefed this issue.* (*See* Defs.' Br. Supp. Mot. Suture. J. at 12.) If Defendants wish to obtain attorney's fees, they will need to submit briefing on this issue as to eligibility and amount.